# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 17, 2021

Mr. Kenneth D. Myers
Law Offices
6100 Oak Tree Boulevard
Suite 200
Cleveland, OH 44131

          Re:  Case No. 21-2832, *In re: FCA US LLC*
                Originating Case No. : 2:21-cr-20031-1

Dear Counsel,

   The Court issued the enclosed (Order/Opinion) today in this case.

                                     Sincerely yours,

                                      s/Roy G. Ford
                                      Case Manager
                                      Direct Dial No. 513-564-7016

cc:  Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No. 21-2832

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 17, 2021
DEBORAH S. HUNT, Clerk

In re: FCA US LLC, 167 current and former ) 
employees of FCA US LLC (Chrysler), )  O R D E R
 )
      Petitioners. )

Before: COLE, ROGERS, and GRIFFIN, Circuit Judges.

In this criminal prosecution of FCA US LLC ("FCA") for conspiracy to violate the Labor Management Relations Act ("LMRA"), the district court denied the motion of Petitioners—167 current and former employees of FCA—to recognize their crime-victim status and for restitution under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and the Mandatory Victims' Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. Petitioners petition for a writ of mandamus directing the district court to recognize them as crime victims under the CVRA.

The circuits are split on the standard of review applicable to mandamus petitions under the CVRA. *Compare, e.g.*, *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1237–38 (11th Cir. 2014) (applying the traditional mandamus standard), *with In re W.R. Huff Asset Mgmt. Co.*, 409 F.3d 555, 562–63 (2d Cir. 2005) (applying a less-demanding standard of appellate abuse of discretion). We apply the traditional standard. *In re McNulty*, 597 F.3d 344, 348–49 (6th Cir. 2010); *In re Acker*, 596 F.3d 370, 372 (6th Cir. 2010) (order).

"As the writ is one of 'the most potent weapons in the judicial arsenal,' three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)). First, petitioners must show that they lack adequate alternative means to obtain the relief they seek. *Id.* Next,

they must show that their "right to issuance of the writ is clear and indisputable." *Id.* at 381 (internal quotation marks and citation omitted); *see also In re Ford*, 987 F.2d 334, 341 (6th Cir. 1992) ("Although a writ of mandamus should not generally be used to review the discretionary decisions of trial courts, the writ may be issued where the trial court's actions amount to a clear abuse of discretion." (citation omitted)). Finally, even if these prerequisites are satisfied, we must be satisfied that, in the exercise of our discretion, issuance of "the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

The first factor weighs against mandamus relief because Petitioners have adequate alternative remedies. As non-parties, they cannot appeal any restitution order in the criminal proceedings. *See Acker*, 596 F.3d at 373; *see also United States v. Monzel*, 641 F.3d 528, 531 (D.C. Cir. 2011) (dismissing an appeal from a restitution order by a victim "because it is not authorized by statute"); *United States v. Aguirre-Gonzalez*, 597 F.3d 46, 54 (1st Cir. 2010) ("[C]rime victims have no right to directly appeal a defendant's criminal sentence, under the CVRA or otherwise."); *United States v. Hunter*, 548 F.3d 1308, 1316 (10th Cir. 2008) ("neither our case law nor the CVRA provide for non-parties . . . to bring a post-judgment direct appeal in a criminal case"). But Petitioners may obtain damages in their civil proceedings, possibly exceeding that available in restitution, and they may appeal any adverse decision in that case. *Cf.* 18 U.S.C. § 3664(j)(2) (reducing any restitution amount by recoveries in other related actions).

Nor can Petitioners show their right to restitution is clear and indisputable. Here, the FCA pleaded guilty to conspiring to violate 29 U.S.C. § 186(a)(2) and (b)(1). Neither of these provisions, however, requires a showing that the FCA intended to influence the actions of any UAW official or any particular issue for a particular purpose. *Compare* 29 U.S.C. § 186(a)(2) (prohibiting payments to a labor organization or its agents) and 29 U.S.C. § 186(b)(1) (making it unlawful for any person to request or receive payments from employers acting as a labor

relations expert), *with* 29 U.S.C. § 186(a)(4) (prohibiting payments to a labor organization or its agents "with intent to influence him."); *see also United States v. McMaster*, 343 F.2d 176, 180 (6th Cir. 1965) ("The basic purpose of [29 U.S.C. § 186(a)(2)] . . . is to prevent corruption in labor-management relationships affecting interstate commerce. The statute plainly does not require proof of the quid pro quo."); *United States v. Kaye*, 556 F.2d 855, 863 (7th Cir. 1977) (holding that receipt of payments by a union employee, without more, constitutes a violation of the statute). Here, neither the information nor the facts admitted by FCA show influence or direct harm to Petitioners. *See McNulty*, 597 F.3d at 351 (explaining that courts "(1) look to the offense of conviction, based solely on facts reflected in the jury verdict or admitted by the defendant; and then (2) determine, based on those facts, whether any person or persons" suffered direct and proximate harm as a result of the commission of the charged offense).

Petitioners also acknowledge that they presently have no evidence of direct or proximate harm, asserting only that the Government presumably already has evidence that would support their assertions. But speculation alone does not establish a clear and indisputable right to relief. Moreover, as the Government detailed in its response to Petitioners' motion below, there are other alternative explanations for the payments.

Most critically, the district court did not clearly err in finding that individual restitution orders for plaintiffs would be unduly burdensome. The CVRA accords crime victims certain rights, including the right to receive full and timely restitution. 18 U.S.C. § 3771(a)(1)−(10). Through its mandate that victims have a right to restitution, the CVRA furthers the purpose of the MVRA, 18 U.S.C. § 3663A. *See United States v. Atl. States Case Iron Pipe Co.*, 612 F. Supp. 2d 453, 458 (D.N.J. 2009). Nonetheless, in cases involving multiple victims, a district court has discretion under both the CVRA and the MVRA to restrict the availability of full restitution if the number of victims makes restitution impracticable or determining the complex issues of fact related to the amount of restitution would prolong the sentencing process. *See* 18

U.S.C. § 3663A(c)(3); § 3663(a)(1)(B)(ii); § 3771(d)(2).  Thus, in a multiple-crime victim case, a district court, in its discretion, may order less than full restitution and give fewer than all of the rights listed in § 3771(a)(1)−(10).  *See also In re W.R. Huff Mgt. Co.*, 409 F.3d at 564 (upholding district court's restitution order that allegedly failed to compensate all victims, observing that the court had appropriately considered the numerosity of victims and the prospect of delay in sentencing in arriving at a restitution plan).  There are numerous plaintiffs involved in the various underlying suits, and to determine the amount of restitution (assuming plaintiffs established a causal connection) would require significant individualized fact finding that would complicate and prolong sentencing.

Because Petitioners cannot show that they lack adequate alternative remedies or that their right to the writ is clear and indisputable, the court need not consider whether issuance of the writ would otherwise be appropriate.

The mandamus petition is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk